IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01250-BNB

MIKEAL G. STINE,

      Petitioner,

v.

RON WILEY, Warden, ADX Florence, Colorado,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 8 2007

GREGORY C. LANGHAM
CLERK

## ORDER CONSTRUING ACTION AS A PRISONER COMPLAINT AND DIRECTING PETITIONER TO AMEND

Petitioner, Mikeal G. Stine, a federal prisoner who currently is housed at ADX Florence, has filed a *pro se* document titled "Petition for Writ of Mandamus Pursuant too [sic] 28 USCS 1361." In the Petition, Mr. Stine asks this Court to order Respondent Ron Wiley to provide radios to all inmates housed in the Special Housing Unit as mandated under 28 C.F.R. Ch. V at 541.22. (Pet. at 3.)

The Court must construe the Petition liberally because Mr. Stine is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a pleading reasonably can be read "to state a valid claim on which the [petitioner] could prevail, [a court] should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *Id.*

Pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam) (citations omitted). To grant mandamus relief the Court must find that Petitioner has a clear right to the relief sought, that Respondent has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Petitioner fails to demonstrate that he has a clear right to the relief he seeks, that Respondent has a duty to perform the act in question, and that no other adequate remedy is available.

Nonetheless, because Mr. Stine is challenging the conditions of his confinement, and because a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), the Court will construe the Petition liberally as asserting civil rights claims pursuant to *Bivens*. The Clerk of the Court will be directed to mail to Mr. Stine

2

the appropriate form for filing a Prisoner Complaint. Mr. Stine will be ordered to complete the form and to submit it to the Court if he wishes to pursue his claims. Accordingly, it is

ORDERED that Mr. Stine's Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 is construed as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). It is

FURTHER ORDERED that Mr. Stine shall file a Prisoner Complaint form within thirty days from the date of this Order if he desires to pursue his claims. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Stine, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Stine shall submit sufficient copies of the Prisoner Complaint form for the purpose of service on each named party. It is

FURTHER ORDERED that if Mr. Stine fails to file a Prisoner Complaint form within thirty days of the date of this Order the action will be dismissed without further notice.

DATED June 18, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01250-BNB

Mikeal Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 6/18/07

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk