IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01250-WYD-KMT


MIKEAL GLENN STINE,

        Plaintiff,

v.

RON WILEY, Warden ADX Florence CO.,

        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

        This matter is before the court on "Defendant's Motion to Dismiss" (Doc. No. 21).

Jurisdiction is premised upon 28 U.S.C. § 1331 (2007) and *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## FACTUAL BACKGROUND

*1.      Facts*

        The following facts are taken from Plaintiff's Prisoner Complaint and the parties'

submissions with respect to this Recommendation.  Plaintiff is an inmate at United States

Penitentiary in Florence, Colorado ("ADX Florence").  (Amended Prisoner Compl. at 2

[hereinafter "Compl."] [filed July 9, 2007].)  Plaintiff states he was housed in "administrative

housing" from October 2, 2006, through February 23, 2007, and, at the time of the filing of the

Complaint, he was "pending" administrative detention ("AD") in Special Housing Unit ("SHU").
(*Id.* at 3.)

In Claim One, Plaintiff asserts Defendant violated mandates of 28 C.F.R. § 541.22, thereby violating his liberty interest by not allowing radio or television. (*Id.* at 3–4.) In Claim Two, Plaintiff asserts Defendant has discriminated against him by not allowing him a radio with headphones, thereby violating his equal protection rights. (*Id.* at 5.) In Claim Three, Plaintiff asserts he is being denied free exercise of religion because he is not allowed to listen to or watch religious services through closed circuit television. (*Id.* at 6.) He claims without television and radio, he is denied the ability to practice any type of religion. (*Id.*)

Plaintiff has named Ron Wiley, the Warden of ADX Florence, as a defendant in both his individual and official capacities. (*Id.* at 2.) Plaintiff seeks equitable relief and money damages. (*Id.* at 8.)

Defendant has filed a motion to dismiss, asserting that (1) this court lacks jurisdiction over Plaintiff's official capacity *Bivens* claims; (2) there was no equal protection violation; (3) there was no religious violation; (4) 18 U.S.C. § 3626 prohibits the court from ordering the Bureau of Prisons to provide all inmates with radios; and (5) Defendant is entitled to qualified immunity. (Defendant's Mot. to Dismiss [hereinafter "Mot."] [filed October 9, 2007].)

## 2.     *Procedural History*

Plaintiff filed a Petition for Writ of Mandamus ("Writ") on June 14, 2007.  (Doc. No. 3.)

On June 18, 2007, Magistrate Judge Boyd N. Boland sent an order stating the writ would be

construed as complaint pursuant to *Bivens*.  (Doc. No. 4.)  In his order, Magistrate Judge Boland

directed Plaintiff to file an amended complaint within thirty days.  (*Id.*)  Plaintiff filed his

Amended Prisoner Complaint on July 9, 2007.  ("Compl.")  On October 9, 2007, Defendant filed

his motion to dismiss.  (Mot.)  No response or reply have been filed.[1]  This motion is ripe for

review and recommendation.

### STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his

pleadings and other papers liberally and hold[s] them to a less stringent standard than those

drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations

of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

However, a *pro se* litigant's "conclusory allegations without supporting factual averments are

---

[1]Plaintiff states in a "Motion for Status Conference" filed on April 11, 2008, that he filed
a response to the motion to dismiss "on or about November 28, 2007."  (Doc. No. 45, Mot. for
Status Conference at 1.)  The court has reviewed the entire docket in this case, as well as the
dockets in all other cases filed by Plaintiff in this District and pending in late-November/early-
December 2007, including 07-cv-00121-WYD-KLM; 07-cv-00799-WYD-KLM; 07-cv-01839-
WYD-KLM; 07-cv-02203-WYD-KLM.  The court has been unable to locate any filing
resembling a response to the motion to dismiss.  In addition, in his response to the Motion for
Status Conference, Defendant states, "Plaintiff never responded to the motion to dismiss."  (Doc.
No. 48, Resp. to Mot. for Status Conference at 3.)  Therefore, this court must conclude that
Defendant was never served with a response, and Plaintiff never filed a response.

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106,

1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

*See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not

"supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the plaintiff in the absence of any discussion of those issues").

### 1. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on

the merits of a plaintiff's case, but only a determination that the court lacks authority to

adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing

federal courts are courts of limited jurisdiction and may only exercise jurisdiction when

specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any

stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah*

*Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss

"must be determined from the allegations of fact in the complaint, without regard to mere

conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.

1971). The burden of establishing subject matter jurisdiction is on the party asserting

jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of

establishing that this court has jurisdiction to hear his claims.

**2.**      ***Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pled factual allegations in a complaint are accepted as true and construed

in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215

(10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor.

*Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v.*

*Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new

"plausibility" standard, under which a complaint must include "enough facts to state a claim to

relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the

plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.

*See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v.*

*Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his

claim precisely, he must plead minimal factual allegations on those material elements that must

be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

**ANALYSIS**

*1.*      **Bivens** *Claims and Sovereign Immunity*

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of

action for damages against federal officers alleged to have violated a citizen's constitutional

rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "To establish a

*Bivens* cause of action, a party must have some evidence to support finding that [a] federal agent

acting under color of such authority violated some cognizable constitutional right of plaintiff."

*Hron v. Jenkins*, 15 F. Supp. 2d 1082, 1085 (D. Kan. 1998) (citing *Bivens*, 403 U.S. at 388).

"If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring

a *Bivens* claim against the offending individual officer, subject to the defense of qualified

immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the

officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v.*

*U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the

federal official in his individual capacity—not . . . against officials in their official capacity");

*Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity

precludes a *Bivens* action against the United States or any agency thereof); *Weaver v. United*

*States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his

official capacity is treated as a claim against the United States).

Plaintiff's claims pursuant to *Bivens* against Defendant Ron Wiley in his official capacity

are barred by sovereign immunity and are thus properly dismissed with prejudice for lack of

subject matter jurisdiction.

**2.      *Equal Protection***

Plaintiff's Claims One and Two, although asserted as two separate claims, allege the

same disparate and discriminatory treatment by Defendant in not allowing Plaintiff a radio or

television in the SHU.  Therefore, Claims One and Two will be analyzed as one claim for

violation of Plaintiff's equal protection rights.  "[T]he Due Process Clause of the Fifth

Amendment contains an equal protection component prohibiting the United States from

invidiously discriminating between individuals or groups."  *Washington v. Davis*, 426 U.S. 229,

239 (1976).  *See also United States v. McHorse*, 179 F.3d 889, 897 n.1 (10th Cir. 1999) ("While

the Fifth Amendment contains no equal protection clause, the equal protection standards of the

Fourteenth Amendment are incorporated into the Fifth Amendment's promise of due process")

(citation omitted).  "The Equal Protection Clause of the Fourteenth Amendment commands that

no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which

is essentially a direction that all persons similarly situated should be treated alike."  *City of*

*Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S.

202, 216 (1982)).  The challenged disparate treatment must be the result of purposeful

discrimination.  *Harris v. McRae*, 448 U.S. 297, 323 n.26 (1980).

To properly allege an equal protection claim, Plaintiff must plead sufficient facts to

"demonstrate that he has been treated differently from others with whom he is similarly situated

and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Although unclear, it appears Plaintiff is alleging that some SHU inmates are treated differently with regard to possession of radios than "C-Range" SHU inmates and inmates in the General Population Unit. (Compl. at 4–5.) Plaintiff also states the C-Range inmates who are allowed to have access to radios and television are pending new murder and assault charges, whereas he is not. (*Id.*)

Plaintiff has not alleged that Defendant acted based upon a discriminatory intent or motive. *See Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1996) ("A plaintiff in an equal protection action has the burden of demonstrating discriminatory intent.") (citations omitted); *Villanueva v. Carere*, 85 F.3d, 481, 485 (10th Cir. 1996) (Although "[t]he discriminatory purpose need not be the only purpose, . . . it must be a motivating factor in the decision.").

Furthermore, even if Plaintiff properly alleged disparate treatment based upon intentional discrimination, the Complaint must also set forth facts demonstrating the disparate treatment lacks justification under the requisite degree of scrutiny. *Veney*, 293 F.3d at 731. Plaintiff does not allege that he experienced different conditions than other similarly situated inmates in the "C-Range" SHU. In fact, he alleges all inmates in the C-Range are denied access to radio and television. Plaintiff has not alleged that he is a member of a constitutionally protected class or that he has been denied a fundamental right, so the Defendant's action in prohibiting radios for certain SHU inmates need only bear a rational relation to a legitimate state purpose. *See Vacco v. Quill*, 521 U.S. 793, 799 (1997) (the Equal Protection Clause permits classifications and

8

distinctions which neither burden fundamental rights nor target a suspect class, provided that

such classification or distinction bears a rational relation to some legitimate end).

> When equal protection challenges arise in a prison context . . ., courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. In a prison context, therefore, we must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." . . . Accordingly, to state a claim upon which relief may be granted, [Plaintiff] must allege facts sufficient to overcome the presumption of reasonableness applied to prison policies.

*Veney*, 293 F.3d at 732 (citations omitted). *See also Heller v. Doe ex rel. Doe*, 509 U.S. 312,

319–20 (1993) ("a classification neither involving fundamental rights nor proceeding along

suspect lines . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship

between disparity of treatment and some legitimate governmental purpose") (citations omitted);

*Jones v. North Carolina Prisoners' Union, Inc.*, 433 U.S. 119,134 (1977) (holding that prison

administrators "need only demonstrate a rational basis for their distinctions" when classifying

inmates); *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (to "withstand equal protection

review," the challenged classification "must bear only a rational relationship to a legitimate"

penological concern).

A prison control unit such as the SHU is recognized as "an internal disciplinary

mechanism." *See United States v. Johnson*, 223 F.3d 665, 673 (7th Cir. 2000). Because the

classification of prisoners based upon their situs of incarceration does not employ a suspect class

or burden a fundamental right, it "is accorded a strong presumption of validity." *Heller*, 509

U.S. at 319. Here, Plaintiff states in response to his grievance regarding this issue, he was told

that radios that meet security requirements are being sought. (Compl. at 4.) Security

requirements are necessary to afford prison officials the "necessary discretion to operate their

facilities in a safe and secure manner." *Veney* at 732. Plaintiff's Complaint fails to allege facts

sufficient to overcome the presumption of reasonableness applied to prison policies. *Id.*

Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiff's

Claims One and Two are properly dismissed. *Id.*

## 2. *Free Exercise of Religion*

It is long established that inmates retain their First Amendment rights while incarcerated.

*Pell v. Procunier*, 417 U.S. 817, 822 (1974) (addressing freedom of speech claims); *Cruz v.*

*Beto*, 405 U .S. 319 (1972) (holding that inmates must be afforded a reasonable opportunity to

practice their religion). An inmate's exercise of constitutional rights is necessarily limited,

however, "both from the fact of incarceration and from valid penological objectives—including

deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell*, 417 U.S. at

822-23; *see also, O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Accordingly, prison

regulations which impinge on an inmate's constitutional rights are valid if they are "reasonably

related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The first questions in any free exercise claim are whether the plaintiff's beliefs are

religious in nature, and whether those religious beliefs are sincerely held. *Snyder v. Murray*, 124

F.3d 1349, 1352 (10th Cir. 1997) (citing *United States v. Seeger*, 380 U.S. 163, 185 (1965)). "If

either of these requirements is not met, a court need not reach the question of whether a

legitimate penological interest outweighs the exercise of the First Amendment right because

10

there is simply no 'free exercise' to protect." *Kay v. Friel*, No. 2:06–CV–23TS, 2007 WL

295556, at *2 (D. Utah Jan. 26, 2007) (citing *Carpenter v. Wilkinson*, 946 F. Supp. 522, 525

(N.D. Ohio 1996). Plaintiff's only allegation regarding denial of free exercise of religion is that

"[a]t USP-Florence ADX all religions and services are done over institutional closed circuit T.V.

and not by allowing A/D inmates in SHU to have T.V./radio" denies him free exercise of

religion in accordance with the First Amendment. (Compl. at 6.) Plaintiff further alleges that

without T.V. and radio, he is denied the ability to practice any type of religion as all services at

ADX are conducted by closed circuit T.V. (*Id.*) Plaintiff has failed to state anything other than a

conclusory statement that his First Amendment rights have been violated. (*Id.*) Plaintiff fails to

allege any facts showing why he needs to watch religious programming to practice his religion,

or how the inability to watch religious programming prevents him from practicing any type of

religion. Therefore, Plaintiff has failed to state any facts which may lead the court to conclude

that what beliefs he might have, whether those beliefs are religious in nature, and whether those

beliefs are sincerely held. *Snyder*, 124 F.3d at 1352. Accordingly, Plaintiff's Claim Three is

properly dismissed.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendant's Motion to Dismiss" (Doc. No. 21) be GRANTED.

**ADVISEMENT TO THE PARTIES**

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining*

*Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling;  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived

their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice

require review).

Dated this 8th day of August, 2008

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge